UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA VAN TASSEL, | Case No. 2:25-cv-3083-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, *et al.*, | |
| Defendants. | |

Plaintiff sues the City of Sacramento and employees of its police department for claims arising out of the investigation of her daughter's death. Defendants have moved to dismiss plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. The motion to dismiss is granted and plaintiff is permitted twenty-one days to file an amended complaint.

Plaintiff filed her first amended complaint in Sacramento County Superior Court in September 2025. ECF No. 1 at 5. Therein, plaintiff alleges that Sacramento police employees failed to properly investigate her daughter's death. *Id.* at 7-9, 16-24. Plaintiff alleges that police employees mishandled a 911 call, constructed a false "no foul play" narrative to explain her daughter's death, failed to investigate the death promptly and secure the scene, and obstructed a criminal referral to the District Attorney's office. *Id.* at 7-9, 17, 29.

1

On October 23, 2025, defendants removed the case from state court based on federal question jurisdiction. *See id.* Shortly thereafter, defendants moved to dismiss. ECF No. 5. In lieu of filing an opposition, plaintiff filed a document asking to voluntarily dismiss her federal claims and to return to state court. ECF No. 9; ECF No. 9-1. Defendants argue in response that plaintiff should not be permitted to the piecemeal dismiss only her federal claims and instead request that the entire complaint be dismissed without leave to amend. ECF No. 10.

As it stands, the first amended complaint contains federal claims. *See* ECF No. 1 at 5. However, plaintiff has indicated that she wishes to voluntarily dismiss her federal claims and return to state court.[1] ECF Nos. 9, 9-1, & 12. In an effort to preserve judicial resources and expedite this litigation, defendants' motion to dismiss is granted, and plaintiff is permitted twenty-one days to file an amended complaint. Should plaintiff's second amended complaint delete her federal claims, I will recommend that this action be remanded to state court.[2] *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35-36 (2025).

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to dismiss, ECF No. 5, is GRANTED.

2. Plaintiff's first amended complaint, ECF No. 1 at 5, is DISMISSED with leave to amend.

3. Within twenty-one days from service of this order, plaintiff shall file either (1) a second amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Plaintiff's motion for a Jurisdictional Statement and Notice of Mandatory Remand, ECF No. 12, is DENIED as moot.

---

[1] Plaintiff also filed a document styled as a Jurisdictional Statement and Notice of Mandatory Remand. ECF No. 12. Since I am dismissing her first amended complaint with leave to amend, I will also deny this motion as moot.

[2] It appears diversity jurisdiction is not present as both plaintiff and defendants are California residents.

IT IS SO ORDERED.


Dated:     June 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE