UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA VAN TASSEL,<br>Plaintiff,<br>v.<br>COUNTY OF SACRAMENTO, *et al.*,<br>Defendants. | Case No. 2:25-cv-3083-TLN-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

The parties agree that this action should be remanded to Sacramento Superior Court since plaintiff has voluntarily deleted her federal claims, eliminating the removal basis for this court jurisdiction. Since the motion is unopposed and this court does not have jurisdiction, I recommend that defendants' motion be granted and this action be remanded.

**Background**

Plaintiff filed a first amended complaint against defendant City of Sacramento and its employees in Sacramento Superior Court. ECF No. 1. Therein, plaintiff alleged federal claims. *See id. generally*. Defendants removed this action on the basis of federal question jurisdiction, ECF No. 1; *see* 28 U.S.C. §§ 1331, 1441(c), and filed a motion to dismiss, ECF No. 5. In response, plaintiff filed a document asking to voluntarily dismiss her federal claims and to return to state court. ECF No. 9; ECF No. 9-1. Defendants argued that plaintiff should not be permitted to the piecemeal dismiss only her federal claims and instead requested that the entire complaint be

dismissed without leave to amend. ECF No. 10. The court found that plaintiff's first amended complaint contained federal claims. ECF No. 20. In light of plaintiff's request to voluntarily delete her federal claims, the court granted defendants' motion to dismiss and granted plaintiff twenty-one days to file an amended complaint. *Id.* The court instructed that should plaintiff delete her federal claims, in accordance with *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25-26 (2025), it would recommend that this action be remanded. *Id.* at 2.

Plaintiff's second amended complaint is devoid of federal claims. ECF No. 21. Plaintiff also requests that this action be remanded. *Id.* Defendants have moved to dismiss and "have no opposition" to plaintiff's request to remand. ECF No. 22-1 at 2.

**Discussion**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). If there is any doubt as to the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Plaintiff's second amended complaint removes all federal claims that were asserted in her earlier complaint and alleges only violations of California law. *See* ECF No. 21. Moreover, defendants do not oppose plaintiff's motion to remand. ECF No. 22-1. Because this case no longer presents a federal question, it should be remanded back to state court. *See Royal Canin U. S. A., Inc.* 604 U.S. at 25-26 (2025) ("When an amendment [to the complaint] excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court.").

**Conclusion**

Accordingly, it is hereby ORDERED that the October 1, 2026 hearing on defendants' motion to dismiss is VACATED.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 22, be GRANTED.
2. The case be REMANDED to the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 2, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE